UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONEL MONTESINOS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE CALIFORNIA, PRISON WARDEN,<br><br>　　　　Respondents. | NO. CV 11-4542-DSF (AGR)<br><br>ORDER TO SHOW CAUSE |

On May 26, 2011, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before *July 5, 2011*, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///
///
///
///

## I.
## **PROCEDURAL BACKGROUND**

On July 8, 2004, a Los Angeles County jury convicted Petitioner of two counts of first degree murder and attempted murder, as well as finding true various allegations. (Petition at 2.) Petitioner was sentenced to life without the possibility of parole. (*Id.* at 3.) On January 18, 2006, the California Court of Appeal affirmed the judgment. (*Id.*) On April 12, 2006, the California Supreme Court denied the petition for review. California Appellate Courts Online Docket in Case No. S141252. According to California's online docket, Petitioner did not file any habeas petitions in the Court of Appeal or in the Supreme Court.

On May 17, 2011, Petitioner signed and mailed the federal petition submitted to this Court. (Petition at 26 & Proof of Service.)

## II.
## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.  The Date on Which Conviction Became Final**

The California Supreme Court denied the petition for review on April 12, 2006. California Appellate Courts Online Docket in Case No. S141252. The conviction became final ninety days later on July 11, 2006. *Bowen v. Roe*, 188

///

F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations expired one year later on July 11, 2007, unless the statute of limitations was tolled.

### B. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). There is no indication that Petitioner filed any state habeas petitions. Accordingly, absent equitable tolling, the Petition is time-barred.

### C. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

Petitioner appears to argue that his attorney in his California criminal proceedings did not timely file a federal petition. (Petition at 18); *see Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (petitioner had no right to advice of California appellate counsel regarding timeliness who was appointed for direct review, not for habeas relief). Petitioner does not indicate that he retained

3

counsel to file a federal petition, or what precisely counsel did or did not do, when it happened, or any foundation for his claim. Generally, an attorney's misconduct must be "sufficiently egregious" to justify equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (the attorney did nothing, was completely unresponsive, and failed to return the petitioner's file until after the statutory deadline); *accord Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *see also Holland*, 130 S. Ct. at 2564 (attorney's misconduct must constitute "an 'extraordinary' instance . . [that is] far more than 'garden variety' or 'excusable neglect'"); *see Banks v. Walker*, 2010 WL 5200920, * 1-2 (E.D. Cal. 2010) (collecting cases).

### D. Actual Innocence

In *Johnson v. Knowles*, 541 F.3d 933, 934 (9th Cir. 2008), the Ninth Circuit examined the proposition that a "miscarriage of justice excuses an untimely filed habeas petition." The court concluded that "the miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Id.* at 937. (emphasis in original).

The actual innocence standard "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (citation omitted). Petitioner must "demonstrate that more likely than not, in light of . . . new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *Id.* To do so, Petitioner must present "'new reliable evidence.'" *Id.* at 537. Based on all the evidence, both old and new, "the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* at 538 (citation omitted). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*
///

Petitioner does not meet the "stringent showing" required by actual innocence. He appears to argue there was insufficient evidence to find him guilty. (*See, e.g.,* Petition at 4, 7.) Petitioner alleges he was not the shooter, he "just kicked the man." (Petition at 25.) Moreover, the government's case was based on "hearsay" and "fraud." (*Id.*) However, the Supreme Court has made clear that the actual innocence standard is not satisfied by a claim of insufficient evidence. *Bell*, 547 U.S. at 538.

Petitioner has not presented any "new evidence" of innocence. He is simply rehashing the evidence introduced at trial, alleging that errors occurred allowing the jury the to hear it, and alleging it was insufficient.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***July 5, 2011***, Petitioner shall show cause, if there be any, why the Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Court will recommend that the Petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: June 10, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5